**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **AMANDA DARR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-18-244-G** |
| | ) | |
| **INTEGRIS BAPTIST MEDICAL** | ) | |
| **CENTER, INC., a domestic not** | ) | |
| **for profit corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>ORDER</u>

Plaintiff Amanda Darr initiated this action on February 23, 2018, in the District Court of Oklahoma County, Oklahoma, alleging violations of the Americans with Disabilities Act and the Oklahoma Anti-Discrimination Act. *See* Doc. No. 1-1. Because Plaintiff has failed to comply with this Court's orders and applicable rules, the Court now dismisses the action without prejudice.

I.      *Background*

Following the removal of this action, Plaintiff's attorneys requested permission to withdraw as counsel of record for Plaintiff. *See* Doc. No. 28. The Court granted this request on March 6, 2019, with the stipulation that the attorneys forward all subsequent pleadings, papers, and orders to Plaintiff until Plaintiff appeared pro se or retained new counsel. The Court stayed all deadlines for 30 days and directed Plaintiff to either engage replacement counsel or to file a pro se appearance within that time. *See id.* at 1-2. Plaintiff failed to comply with this Order. However, on May 3, 2019, the Court sua sponte

granted Plaintiff an extension of time until May 17, 2019, to file a pro se entry of appearance or to retain new counsel. *See* Doc. No. 30. Plaintiff entered her appearance on May 17, 2019, *see* Doc. No. 31, and has been proceeding pro se in this matter since that time.

Following Plaintiff's pro se appearance, the Court issued a Second Amended Scheduling Order that directed Plaintiff to file her final lists of witnesses, expert witnesses, and exhibits, as well as expert reports, on or before June 13, 2019, to complete discovery by August 1, 2019, and to file a Final Pretrial Report with Defendant on or before August 22, 2019. *See* Doc. No. 32. As of this date, Plaintiff has failed to meet any of her discovery obligations set forth in the Court's Second Amended Scheduling Order or to request additional time in which to do so. Additionally, Defendant advises the Court that Plaintiff failed to appear for her scheduled depositions or to contribute to the Final Pretrial Report, despite Defendant's multiple attempts to communicate with Plaintiff regarding these obligations. *See* Doc. No. 37 at 13-16; Doc. No. 39 at 1-2.

On August 26, 2019, the Court ordered Plaintiff to show cause within seven days for her failure to prosecute this action or comply with the Court's scheduling order. *See* Doc. No. 40. The Court's show cause order was mailed to Plaintiff at her address of record. As of this date, Plaintiff has not submitted a response to the show cause order, requested an extension of time to comply with the show cause order, or otherwise contacted the Court regarding this lawsuit.

## II.  *Discussion*

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to

comply with these rules or a court order," the Court may dismiss the action. *See* Fed. R. Civ. P. 41(b). The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute." *Huggins v. Supreme Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules." (internal quotation marks omitted)). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 (internal quotation marks omitted); *see Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014).

Plaintiff's failure to prosecute her action and to comply with the Court's orders leaves the Court unable "to achieve [an] orderly and expeditious" resolution of this action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative).

Accordingly, this action is DISMISSED WITHOUT PREJUDICE.[1]

---

[1] The Tenth Circuit "has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statue of limitations has expired." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236. Even if the statute of limitations has run on Plaintiff's claims, the Court has considered the applicable factors for a Rule 41(b) dismissal with prejudice and has determined that an effective dismissal with prejudice is warranted in this matter. *See Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (delineating non-exhaustive list of factors, including "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser

IT IS SO ORDERED this 19th day of September, 2019.

CHARLES B. GOODWIN
United States District Judge

---

sanctions"). Plaintiff's failure to participate in the discovery process—including her failure to appear for her scheduled depositions or submit witness and exhibit lists—has prejudiced Defendant by hindering its ability to litigate this matter. Plaintiff's conduct has also caused significant interference with the judicial process, as she has failed to meet any discovery deadlines or to "communicate in a timely and responsive fashion with defendants during the discovery period." *Id.* at 1146; *see* Doc. No. 37 at 13-16; Doc. No. 39 at 1-2. Further, nothing in the record indicates Plaintiff is other than personally responsible for her failure to prosecute this matter or comply with the Court's orders. For example, there is no indication that Plaintiff did not receive the Court's orders or Defendant's communications or that Plaintiff made any efforts to explain or rectify her dilatory conduct. *See* Doc. No. 40. Finally, Plaintiff was notified of the possibility of dismissal and was given an opportunity to show good cause why the action should not be dismissed under Rule 41(b). *See* Doc. No. 40. Despite this opportunity, Plaintiff did not respond to the Court's show cause order or request additional time in which to do so. *See Ecclesiastes 9:10-11-12, Inc.*, 497 F.3d at 1143-51; *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).